**Abdula CAKO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 04–1566–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Vlad Kuzmin, New York, New York., for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Colette R. Buchanan, Assistant United States Attorney, Newark, New Jersey., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Abdula Cako, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's finding, including past persecution and well-founded fear of persecution findings, under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *see also Damko v. INS*, 430 F.3d 626, 2005 WL 3209452 at *5 (2d Cir. Nov.30, 2005). The IJ's findings of fact are conclusive unless any reasonable adjudicator would be compelled to find otherwise. *See* 8 U.S.C. § 1252(b)(4). The BIA's and IJ's application of law to undisputed facts are reviewed *de novo*. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004).

As the IJ correctly noted in this case, a government does not commit persecution simply by requiring its citizens to perform military service, or punishing them for failure to serve. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005); *see also Foroglou v. Reno*, 170 F.3d 68, 71 (1st Cir. 1999); *Mojsilovic v. INS*, 156 F.3d 743, 746–47 (7th Cir.1998). Forced conscription can constitute persecution if (1) the applicant would be subject to a disproportionate punishment for failing to serve, on account of a protected ground, or if (2) the military is one that has been condemned by the international community for human rights abuses and would require the asylum applicant to commit human rights abuses. *See Islami*, 412 F.3d at 396.

The applicant has the burden to prove that he in fact suffered past persecution. *See* 8 U.S.C. § 1158(b)(1)(B). In this case, Cako failed to provide sufficient evidence that military deserters in Macedonia are subject to severe punishment. There is no evidence in any of the documents in the record, including U.S. Department of State Country Reports and articles from human rights groups, that military conscripts are subject to severe punishment for fleeing. Accordingly, the IJ properly determined that Cako failed to meet his burden of proof that he fell within the first exception set forth in *Islami*. The IJ also properly found that Cako failed to prove that the Macedonian military was engaging in human rights abuses that were condemned by the international community. *See Islami*, 412 F.3d at 396.

The IJ found that Cako was credible but held that Cako's fear was not objectively reasonable because he failed to prove that he would be persecuted on account of one of the enumerated grounds if he returned to Macedonia. As discussed above, the documents in the record do not discuss what type of punishment a draft evader might be subject to in Macedonia. Even if draft evaders do face punishment in Macedonia, the documents do not show whether Cako would be persecuted on account of any of the enumerated grounds.

Because Cako did not sufficiently address the denial of his withholding of removal and CAT claims before the BIA or in his brief to this Court, challenges to these forms of relief are deemed abandoned and waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005). One conclusory statement in a brief is not sufficient to raise an issue. *Zhang*, 426 F.3d at 545 n. 7.

Accordingly, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted

in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).